EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

TRACY A. HINO
Assistant U. S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone:  541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 1 5 2002

at __ o'clock and __ min. __ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. CR02-00478 SOM |
| ) | |
| Plaintiff, ) | INFORMATION |
| ) | |
| vs. ) | 18 U.S.C. § 371 |
| ) | |
| JAMES S. RYAN, ) | |
| aka Kimo Ryan, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INFORMATION

The United States Attorney charges that:

A.    INTRODUCTION

1.    During all relevant times herein, RAL Construction

Services LLC ("RAL Construction") was a Hawaii-based company

engaged in the business of installation work.

2.   RAL Construction was co-owned, in pertinent part, by James S. Ryan, aka "Kimo Ryan" ("Defendant Ryan"), and a person identified herein as "DA" ("Defendant DA").   Defendant Ryan was also the office administrator for RAL Construction.   Defendant DA was also the on-site project supervisor for RAL Construction.

3.   The Davis-Bacon Act, 40 U.S.C. § 276a ("Davis-Bacon Act"), provides, in pertinent part, that laborers employed in the construction of buildings or public works financed in whole or in part from federal funds ("Davis-Bacon Project") must be paid the minimum prevailing wage as set forth in the applicable wage determination issued by the Secretary of Labor.

4.   The Davis-Bacon Act also provides, in pertinent part, that the prime contractor and/or any sub-contractor performing a Davis-Bacon Project must submit periodic certified payroll records to the contracting agency reflecting, in pertinent part, for each employee: a) the job classification; b) the number of hours worked; and c) the hourly rate of pay.

B.   PROJECT AGREEMENT

5.   In September 1997, the U.S. Army Corps of Engineers, Honolulu Engineer District ("Army Corps of Engineers"), awarded contract number DACA83-97-C-0029 in the amount of approximately $2,284,150.00, to Orion Construction, Inc., principally located in Houston, Texas, for the performance of a Davis-Bacon Project, to wit: the repair of barracks latrines at Schofield Barracks,

2

Hawaii.  On or about January 6, 1998, Orion Construction, Inc. sub-contracted a company identified herein as "D.X." and also RAL Construction to provide materials and perform installation work on the barracks' latrines.

6.   In September 1997, the Army Corps of Engineers awarded contract number DACA83-97-C-0055 in the amount of $2,152,249.00, to Continental Flooring Company, principally located in Scottsdale, Arizona, for the performance of a Davis-Bacon Project, to wit: the repair of barracks latrines at Schofield Barracks, Hawaii.  On or about February 13, 1998, Continental Flooring Company sub-contracted RAL Construction to provide materials and perform installation work on the barracks' latrines.

7.   The Army Corps of Engineers' prime contracts, sub-contracts, and Davis-Bacon Act required, in pertinent part, prime contractors Orion Construction, Inc. and Continental Flooring Company, and subcontractor RAL Construction, to pay carpenters a minimum prevailing wage as set forth in the applicable wage determination issued by the Secretary of Labor, to wit: a minimum wage of $39.85, including fringe benefits, per hour.

8.   The Army Corps of Engineers' prime contracts, sub-contracts, and Davis-Bacon Act also required prime contractors

3

Orion Construction, Inc. and Continental Flooring Company, or subcontractor RAL Construction, to submit periodic certified payroll records (Form WH-147) to the Army Corps of Engineers documenting, in pertinent part, for each carpenter: a) the number of hours worked; and b) the hourly rate of pay.

9.    In the course of performing both sub-contracts with prime contractors Orion Construction, Inc. and Continental Flooring Company, RAL Construction submitted and caused the submission of weekly certified payroll records to the Army Corps of Engineers documenting, in pertinent part, for each carpenter: a) the number of hours worked; and b) the hourly rate of pay.

C.    OBJECT OF THE CONSPIRACY

From on or about August 5, 1998, the exact date being unknown, through in and about March 1999, the exact date being unknown, in the District of Hawaii, Defendant Ryan and Defendant DA others known and unknown, did knowingly and willfully combine, conspire, and agree with each other to commit an offense against the United States, namely, to knowingly and willfully make and use any false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the United States

4

Department of Labor and the Department of the Army, in violation of Title 18 United States Code, Section 1001(a)(3).

D.    MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the conspiracy was to be accomplished included, among other things, the following:

10.    As the on-site project supervisor for RAL Construction, Defendant DA maintained weekly time sheet information reflecting, in pertinent part, for each carpenter: a) the number of hours worked; and b) the hourly rate of pay.

11.    Defendant DA forwarded the weekly time sheet information to a person identified herein as "JL" who provided secretarial and bookkeeping services to RAL Construction.

12.    As the office administrator of RAL Construction, Defendant Ryan was aware that JL prepared weekly certified payroll records using the time sheet information maintained and provided by Defendant DA.

13.    After JL prepared the weekly certified payroll records, Defendant DA signed and certified the weekly certified payroll records for submission to the Army Corps of Engineers in compliance with the prime contracts, sub-contracts, and Davis-Bacon Act.

14.   After Defendant DA signed and certified the weekly certified payroll records, Defendant Ryan signed the payroll checks issued in connection with the weekly certified payroll records.  JL then forwarded the weekly certified payroll records to the Army Corps of Engineers.

15.   Defendant Ryan, Defendant DA, and others known and unknown, were aware that the weekly certified payroll records certified, in pertinent part, that RAL Construction carpenters were being paid in compliance with the prime contracts, sub-contracts, and Davis-Bacon Act, at the prevailing minimum wage of $39.85 per hour, including fringe benefits.

16.   The Army Corps of Engineers directly or indirectly paid RAL Construction for services rendered, in pertinent part, by carpenters at a wage of $39.85 per hour, including fringe benefits, as set forth and certified in the weekly certified payroll records submitted by RAL Construction.

17.   Defendant Ryan and Defendant DA were aware that RAL Construction was actually paying carpenters only $20.00 per hour and not the prevailing minimum wage of $39.85 per hour, including fringe benefits, contrary to the requirements of the prime contracts, sub-contracts, and Davis-Bacon Act.

6

18. In some instances, RAL Construction carpenters were also instructed by Defendant DA, with the knowledge of Defendant Ryan, to submit certified payroll records to the Army Corps of Engineers certifying that they were independent contractors receiving $39.85 per hour in wages, including fringe benefits, when they were actually employees of RAL Construction and receiving $20.00 per hour in wages.

E.    OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects therefor, Defendant Ryan and Defendant DA, and others known and unknown, committed various overt acts within the District of Hawaii, including, but not limited to the following:

Contract No. DACA83-97-C-0029

19. On or about August 5, 1998, the exact date being unknown, Defendant DA signed and certified the weekly certified payroll, dated August 5, 1998, stating that payroll period 1 commenced on July 6, 1998 and ended on July 12, 1998 and that RAL Construction, in pertinent part, paid its carpenters at a rate of $39.85 per hour, including fringe benefits, during that pay period while he was aware that RAL Construction was actually paying carpenters only $20.00 per hour and not the prevailing minimum wage of $39.85 per hour, including fringe benefits,

7

contrary to the requirements of the prime contract, sub-contract, and Davis-Bacon Act.

20.    On or about August 5, 1998, the exact date being unknown, after Defendant DA signed and certified the weekly payroll records for payroll period 1, Defendant Ryan signed the payroll checks issued in connection with the weekly certified payroll records while he was aware that RAL Construction was actually paying carpenters only $20.00 per hour and not the prevailing minimum wage of $39.85 per hour, including fringe benefits, contrary to the requirements of the prime contract, sub-contract, and Davis-Bacon Act.

Contract No. DACA83-97-C-0055

21.    On or about October 1, 1998, the exact date being unknown, Defendant DA signed and certified the weekly certified payroll, dated October 1, 1998, stating that payroll period 1 commenced on August 31, 1998 and ended on September 6, 1998 and that RAL Construction, in pertinent part, paid its carpenters at a rate of $39.85 per hour, including fringe benefits, during that pay period while he was aware that RAL Construction was actually paying carpenters only $20.00 per hour and not the prevailing minimum wage of $39.85 per hour, including fringe benefits,

8

contrary to the requirements of the prime contract, sub-contract, and Davis-Bacon Act.

22.   On or about October 1, 1998, the exact date being unknown, after Defendant DA signed and certified the weekly payroll records for payroll period 1, Defendant Ryan signed the payroll checks issued in connection with the weekly certified payroll records while he was aware that RAL Construction was actually paying carpenters only $20.00 per hour and not the prevailing minimum wage of $39.85 per hour, including fringe benefits, contrary to the requirements of the prime contract, sub-contract, and Davis-Bacon Act.

All in violation of Title 18, United States Code, Section

371.

DATED:      *Nov. 14*      , 2002 at Honolulu, Hawaii.


EDWARD H. KUBO, JR.
UNITED STATES ATTORNEY


J. MICHAEL SEABRIGHT
ASSISTANT U.S. ATTORNEY


TRACY A. HINO
ASSISTANT U.S. ATTORNEY


United States v. James S. Ryan, aka Kimo Ryan;
"INFORMATION"


10